IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONI VANDOLI<br>604 Fiddlers Way<br>Painesville, Ohio 44077 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| LAKE HOSPITAL SYSTEM, INC.<br>7590 Auburn Road<br>Concord Township, Ohio 44077 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| serve also: | )<br>) | |
| LAKE HOSPITAL SYSTEM, INC.<br>c/o Cynthia Moore-Hardy<br>36000 Euclid Avenue<br>Willoughby, Ohio 44094 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant | ) | |

Plaintiff, Toni Vandoli, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Toni Vandoli is a resident of the City of Painesville, County of Lake, State of Ohio.

2. Lake Hospital System, Inc. ("Lake") is an Ohio corporation whose principal place of business is located at 7590 Auburn Road, Concord Township, Ohio 44077.

3. At all relevant times, Lake has met the definition of an "employer" under all applicable statutes.



## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Vandoli is alleging federal law claims regarding the deprivation of Vandoli's rights under the American's with Disabilities Act of 1990 as amended.

5. This Court has supplemental jurisdiction over Vandoli's state law claims pursuant to 28 U.S.C. § 1367, as Vandoli's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Lake was at all times hereinafter mentioned an employer within the meaning of R.C.§ 4112.

7. Valenza was at all times hereinafter mentioned an employer within the meaning of R.C.§ 4112.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. All material events alleged in this Complaint occurred in Lake County.

10. Within 300 days of the conduct alleged below, Vandoli filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2020-01070 against Defendant.

11. On or about November 16, 2020, the EEOC issued and mailed a Notice of Right to Sue letter to Vandoli regarding the Charge of Discrimination.

12. Vandoli received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

13. Vandoli filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Vandoli has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

The Employee's Attorney.™

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## **FACTS**

16. Vandoli is a former employee of Defendant.

17. Defendant employed Vandoli as a Physician's Office Coordinator Assistant.

18. Vandoli began working for Defendant on or around March 1, 2017.

19. Vandoli has Multiple Endocrine Neoplasia type 1 and a tumor on her brain. ("Medical Conditions")

20. Vandoli's Medical Conditions affects her endocrine and cardiovascular systems.

21. Vandoli's Endocrine Neoplasia type 1 is a disease.

22. Vandoli's tumor is a disease.

23. Vandoli's Medical Conditions substantially limit one or more of her major life activities.

24. Vandoli has a record of her Medical Conditions.

25. As a result of her Medical Conditions, Vandoli is and was considered disabled within the meaning of the Americans with Disabilities Act.

26. As a result of her Medical Conditions, Vandoli is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

27. Vandoli has been struggling with her Medical Conditions since before she was employed with Lake on or around March 1, 2017.

28. Vandoli disclosed her Medical Conditions to Lake on or around March 1, 2017.

29. On or about April 16, 2019, Vandoli was admitted to the hospital for her Medical Conditions.

30. On or about April 16, 2019, Vandoli applied to Lake for leave under FMLA.



The Employee's Attorney.™

31. Vandoli's Medical Conditions qualified for FMLA protection.

32. Vandoli was eligible for FMLA.

33. As of April 16, 2019, Vandoli worked for Lake for at least 12 months.

34. As of April 16, 2019, Vandoli had at least 1,250 hours of service for Lake during the previous 12 months.

35. As of April 16, 2019, Lake had 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

36. As of April 16, 2019, Lake had 50 or more employees within 75 miles of its location where it employed Vandoli..

37. Vandoli exhausted her FMLA leave in or around July 2019.

38. In or around July 2019, Vandoli requested an accommodation for leave under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq*.

39. Vandoli's Medical Conditions required surgery and ongoing medical treatment.

40. Lake initially approved Vandoli's requested accommodation for medical leave related to her disabilities.

41. Lake approved Vandoli for one year of medical leave beginning on or around July 2019.

42. Vandoli's doctor estimated Vandoli's return to work date would be April 2020.

43. On or around August 30, 2019, Lake contacted Vandoli to inform her that her job with Lake had been eliminated and Vandoli would have no job to return to after Vandoli's medical leave.

44. On or around August 30, 2019, Lake cancelled Vandoli's medical insurance.

45. Vandoli complained to Lake about the medical insurance coverage being cancelled at a time when Vandoli was on medical leave for serious Medical Conditions.

The Employee's Attorney.™ 

46. Lake required Vandoli to pay her own insurance premiums and reinstated Vandoli's medical insurance for a short time.

47. Despite the fact that Vandoli was current on her medical insurance premiums, Lake again cancelled Vandoli's medical insurance on or about September 30, 2019.

48. Vandoli attempted to contact Lake about the medical insurance cancellation or information for COBRA.

49. Vandoli left several messages with Jeff Sathre in Human Resources.

50. Sathre did not respond to Vandoli's messages or emails.

51. Without medical insurance Vandoli was unable to schedule her surgery or treat her serious Medical Conditions.

52. Vandoli disclosed her Medical Conditions to Lake in Vandoli's application for FMLA and request for accommodation under the ADA.

53. Lake had knowledge of Vandoli's Medical Conditions through Vandoli's disclosures.

54. Lake had knowledge of Vandoli's disabilities.

55. In the alternative, Lake perceived Vandoli to be disabled.

56. In the alternative, Lake perceived Vandoli to have physical impairments.

57. Lake had knowledge that Vandoli would require time off due to her Medical Conditions.

58. Vandoli requested accommodations that were reasonable.

59. There was an accommodation available that would have been effective and would not have posed an undue hardship on Lake.

60. Lake failed to engage in the interactive process of determining whether Vandoli needed an accommodation.

61. Lake failed to provide Vandoli an accommodation.



62. Lake refused to offer Vandoli a reasonable alternative accommodation after refusing to accommodate Vandoli based on her disabilities.

63. Lake's refusal to offer Vandoli an open position for which she is qualified is a violation of the ADA.

64. Lake's elimination of Vandoli's job was retaliation for Vandoli's use of protected leave under FMLA.

65. Upon information and belief, Lake has an Equal Employment Opportunity Policy. ("Equal Employment Policy")

66. Treating disabled employees differently than similarly situated non-disabled employees violates the Equal Employment Policy.

67. Treating employees who have taken protected leave under FMLA violates the Equal Employment Policy.

68. Alternatively, Defendant permits disabled employees to be treated differently than similarly situated non-disabled employees.

69. Lake treated Vandoli differently than similarly situated non-disabled employees.

70. Lake permitted Vandoli to be treated differently than similarly situated non-disabled employees.

71. Lake violated its own Equal Employment Policy in regard to Vandoli.

72. Upon information and belief, Lake does not violate its own Equal Employment Policy in regard to non-disabled employees.

73. Upon information and belief, Lake does not violate its own Equal Employment Policy in regard to employees who have not taken protected leave under FMLA.



The Employee's Attorney.™

74. In or about February 2019, Vandoli asked Pat Valenza to be considered for the Physician's Office Coordinator position for Dr. Kammer's office.

75. Vandoli told Valenza that she did not want to work as a Physician's Office Coordinator for multiple doctors' offices.

76. Valenza told Vandoli that Lake did not allow any Physician's Office Coordinator to cover a single doctor's office.

77. Shortly after Vandoli's request to be assigned as the Physicians Office Coordinator for only Dr. Kammer's office, Valenza hired Tracy (Last Name Unknown) as the Physician's Office Coordinator for only Dr. Kammer's office.

78. Valenza treated Vandoli unfavorably compared to Tracy based on Vandoli's disabilities.

79. In or about February 2019, Vandoli complained to Joan Johnson that Vandoli was facing harassment and discrimination from Kathleen Carter-Faulkhammer based on Vandoli's disabilities. ("Discrimination Complaint")

80. Upon information and belief, Lake has a policy to investigate reports of unlawful discrimination.

81. An investigation should include interviewing the complainant.

82. An investigation should include interviewing the subject of the complaint.

83. An investigation should include interviewing witnesses to the reported discrimination.

84. An investigation should include getting a written statement from the complainant.

85. An investigation should include getting a written statement from the subject of the complaint.

86. In response to Vandoli's Discrimination Complaint, Lake did not interview Vandoli.

87. In response to Vandoli's Discrimination Complaint, Lake did not interview Kathleen Carter-Faulkhammer.



88. In response to Vandoli's Discrimination Complaint, Lake did not interview witnesses.

89. In response to Vandoli's Discrimination Complaint, Lake did not get a written statement from Vandoli.

90. In response to Vandoli's Discrimination Complaint, Lake did not get a written statement from Carter-Faulkhammer.

91. In response to Vandoli's Discrimination Complaint, Lake did not get a written statement from witnesses.

92. Lake did not investigate Vandoli's Discrimination Complaint.

93. On or about October 16, 2019, Lake terminated Vandoli's employment.

94. On or about October 16, 2019, Lake discontinued Vandoli's medical leave based on Vandoli's termination of employment.

95. Defendant knowingly terminated Vandoli's employment.

96. Defendant knowingly took an adverse employment action against Vandoli.

97. Defendant knowingly took an adverse action against Vandoli.

98. Defendant intentionally terminated Vandoli's employment.

99. Defendant intentionally took an adverse employment action against Vandoli.

100. Defendant intentionally took an adverse action against Vandoli.

101. Defendant willfully terminated Vandoli's employment.

102. Defendant willfully took an adverse employment action against Vandoli.

103. Defendant willfully took an adverse action against Vandoli.

104. Defendant knew that terminating Vandoli would cause Vandoli harm, including economic harm.



105. The above facts demonstrate that Defendants engaged in a pattern and practice of disability discrimination.

106. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

107. There was a causal connection between Vandoli's disabilities and Defendant's termination of Vandoli.

108. There was a causal connection between Vandoli's use of protected leave under FMLA and Defendants' termination of Vandoli.

109. As a direct and proximate result of Defendants' conduct, Vandoli suffered and will continue to suffer damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

110. Vandioli restates each and every prior paragraph of this Complaint as if it were fully restated herein.

111. Vandoli suffers from Endocrine Neoplasia type 1

112. Vandoli suffers from a tumor on her brain.

113. Vandoli is disabled.

114. In the alternative, Defendant perceived Vandoli as being disabled.

115. Vandoli's condition constituted a physical impairment.

116. Vandoli's condition substantially impaired one or more of her major life activities, including working.

117. Defendant perceived Vandoli's condition to substantially impair one or more of her major life activities, including working.



118. Defendant treated Vandoli differently than other similarly-situated employees based on her disabling condition.

119. Defendant treated Vandoli differently than other similarly-situated employees based on her perceived disabling condition.

120. On or about October 16, 2019, Defendant terminated Vandoli's employment without just cause.

121. Defendant terminated Vandoli's employment based on her disability.

122. Defendant terminated Vandoli's employment based on her perceived disability.

123. Defendant violated the ADA when it discharged Vandoli based on her disability.

124. Defendant violated the ADA when it discharged Vandoli based on her perceived disability.

125. Defendant violated the ADA by discriminating against Vandoli based on her disabling condition.

126. As a direct and proximate result of Defendant's conduct, Vandoli suffered and will continue to suffer damages.

### COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C.§ 4112.01 *et seq*.

127. Vandoli restates each and every prior paragraph of this Complaint as if it were fully restated herein.

128. Defendant violated R.C. § 4112.02 by discriminating against Vandoli based on her disabling condition.

129. Defendant violated R.C. § 4112.02 when it discharged Vandoli based on her disability.

130. Defendant violated R.C. § 4112.02 when it discharged Vandoli based on her perceived disability.



131. As a direct and proximate result of Defendant's conduct, Vandoli suffered and will continue to suffer damages.

## COUNT III: RETALIATION IN VIOLATION OF THE FMLA

132. Vandoli restates each and every prior paragraph of this Complaint as if it were fully restated herein.

133. During HER employment, Vandoli utilized FMLA leave.

134. After Vandoli utilized her qualified FMLA leave, Defendants retaliated against her.

135. Defendants retaliated against Vandoli by interfering with her medical insurance and medical leave.

136. Defendants retaliated against Vandoli by terminating her employment.

137. Defendants willfully retaliated against Vandoli in violation of U.S.C. § 2615(a).

138. As a direct and proximate result of Defendant's wrongful conduct, Vandoli is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Toni Vandoli requests judgment in her favor against Defendant, containing the following relief:

(a) A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States;

(b) An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(c) An order directing Defendants to place Vandoli in the position she would have occupied but for Defendants' discriminatory, retaliatory and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Vandoli;



(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Vandoli for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(e) Awarding against each Defendant compensatory and monetary damages to compensate Vandoli for lost wages, emotional distress, and other consequential damages, in an amount to be proven at trial;

(f) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Vandoli for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(g) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Vandoli for harm to her professional and personal reputation and loss of career fulfillment;

(h) An award of damages for any and all other monetary and/or non-monetary losses suffered by Vandoli in an amount to be determined at trial, plus prejudgment interest;

(i) An award of punitive damages;

(j) An award of costs that Vandoli has incurred in this action, as well as Vandoli's reasonable attorneys' fees to the fullest extent permitted by law; and

(k) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/Angela Rodriguez*
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)
**The Spitz Law Firm, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: angela.rodriguez@spitzlawfirm.com
       brian.spitz@spitzlawfirm.com

*Attorneys For Plaintiff Toni Vandoli*



## JURY DEMAND

Plaintiff Toni Vandoli demands a trial by jury by the maximum number of jurors permitted.

                                        */s/Angela Rodriguez*
                                        Angela Rodriguez (0074432)
                                        Brian D. Spitz (0068816)
                                        **The Spitz Law Firm, LLC**

